1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EQUITY GROWTH ASSET MANAGEMENT,                No. C 12-4645 SI

          Plaintiff,                           **ORDER TO SHOW CAUSE WHY CASE
                                               SHOULD NOT BE REMANDED TO
     v.                                        STATE COURT FOR LACK OF
                                               JURISDICTION**

ROMEO FERNANDO,

          Defendant.
                                      /

          On September 5, 2012, *pro se* defendant Romeo Fernando removed this unlawful detainer action

from state court.  The notice of removal suggests that this action arises under federal statutes because

plaintiff violated federal law in connection with the foreclosure of defendant's home.  However, removal

jurisdiction is subject to the well-pleaded complaint rule, meaning that the basis for removal jurisdiction

must be evident from the complaint.  *See Franchise Tax Bd. of California v. Construction Laborers

Vacation Trust for So. California*, 463 U.S. 1, 9-12 (1983) (discussing well-pleaded complaint rule).

From the face of the complaint,[1] this Court lacks jurisdiction because there are no federal claims alleged

in the unlawful detainer complaint.  Further, where there is no federal question jurisdiction, an action

is not removable if the defendant is a citizen of the state in which the action was brought.  *See* 28 U.S.C.

§ 1441(a), (b).  Here, defendant appears to be a California resident, and thus removal was improper.

---

          [1] Defendant did not attach a copy of the complaint to the notice of removal.  However, plaintiff
filed a copy of the unlawful detainer complaint in connection with plaintiff's motion for remand.

Accordingly, defendant is ORDERED TO SHOW CAUSE **in writing filed no later than September 25, 2012,** why this case should not be remanded to the Superior Court for the County of San Mateo.[2]  If defendant asserts that removal was proper and this Court has jurisdiction, defendant must specifically identify the basis for jurisdiction.

**IT IS SO ORDERED.**

Dated: September 13, 2012

_____
SUSAN ILLSTON
United States District Judge

---

[2]  Plaintiff has filed a motion to remand this case, and a motion to shorten time regarding the motion to remand.  In lieu of filing an opposition to plaintiff's motion, defendant shall respond to this Order to Show Cause.  The November 2, 2012 hearing on plaintiff's motion to remand is VACATED.