IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUITY GROWTH ASSET MANAGEMENT,<br><br>Plaintiff,<br><br>v.<br><br>ROMEO FERNANDO,<br><br>Defendant. | No. C 12-4645 SI<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF JURISDICTION** |

On September 5, 2012, *pro se* defendant Romeo Fernando removed this unlawful detainer action from state court. The notice of removal suggests that this action arises under federal statutes because plaintiff violated federal law in connection with the foreclosure of defendant's home. However, removal jurisdiction is subject to the well-pleaded complaint rule, meaning that the basis for removal jurisdiction must be evident from the complaint. *See Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for So. California*, 463 U.S. 1, 9-12 (1983) (discussing well-pleaded complaint rule). From the face of the complaint,[1] this Court lacks jurisdiction because there are no federal claims alleged in the unlawful detainer complaint. Further, where there is no federal question jurisdiction, an action is not removable if the defendant is a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(a), (b). Here, defendant appears to be a California resident, and thus removal was improper.

---

[1] Defendant did not attach a copy of the complaint to the notice of removal. However, plaintiff filed a copy of the unlawful detainer complaint in connection with plaintiff's motion for remand.

Accordingly, defendant is ORDERED TO SHOW CAUSE **in writing filed no later than September 25, 2012,** why this case should not be remanded to the Superior Court for the County of San Mateo.[2]  If defendant asserts that removal was proper and this Court has jurisdiction, defendant must specifically identify the basis for jurisdiction.

**IT IS SO ORDERED.**

Dated: September 13, 2012

SUSAN ILLSTON
United States District Judge

---

[2] Plaintiff has filed a motion to remand this case, and a motion to shorten time regarding the motion to remand.  In lieu of filing an opposition to plaintiff's motion, defendant shall respond to this Order to Show Cause.  The November 2, 2012 hearing on plaintiff's motion to remand is VACATED.

2