IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUITY GROWTH ASSET MANAGEMENT,<br><br>  Plaintiff,<br><br>  v.<br><br>ROMEO FERNANDO,<br><br>  Defendant.<br>_____/ | No. C 12-4645 SI<br><br>**ORDER REMANDING CASE TO SAN MATEO COUNTY SUPERIOR COURT** |

On September 5, 2012, *pro se* defendant Romeo Fernando removed this unlawful detainer action from state court. On September 13, 2012, the Court issued an Order to Show Cause Why Case Should Not be Remanded to State Court for Lack of Jurisdiction.

On September 25, 2012, defendant filed a response to the Order to Show Cause. Defendant asserts that this Court has jurisdiction because "this is a core proceeding under 28 U.S.C. § 1409." That statute, along with other statutes and rules cited in defendant's response, relates to bankruptcy actions. However, bankruptcy removal jurisdiction is subject to the well-pleaded complaint rule, meaning that the basis for removal jurisdiction must be evident from the complaint. *See Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for So. California*, 463 U.S. 1, 9-12 (1983) (discussing well-pleaded complaint rule); *Yangming Marine Transport Corp. v. Electri-Flex Co.*, 682 F. Supp. 368, 370 (N.D. Ill. 1987) (applying rule to removal based on bankruptcy removal). Here, there is nothing from the face of the unlawful detainer complaint to confer bankruptcy removal jurisdiction, and thus removal on this ground was improper. *See id*.

Accordingly, the Court concludes that there is no basis for jurisdiction. The Court REMANDS

this action to the Superior Court for the County of San Mateo. All pending motions are DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: September 26, 2012

SUSAN ILLSTON
United States District Judge